UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2007 MAR 20  PM 1:46
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| PAUL SHONEBARGER § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. SA - _____ |
| § | Jury Trial Demanded |
| § | |
| § | SA07CA0241FB |
| COMPREHENSIVE PHARMACY § | |
| SERVICES, INC § | |
| § | |
| Defendant. § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Comprehensive Pharmacy Services, Inc. ("CPS" or "Defendant"), by and through its undersigned counsel, respectfully files this Notice of Removal effecting removal of *Paul Shonebarger vs. Comprehensive Pharmacy Services, Inc.*, Civil Cause No. 2007-CI-02785 in the District Court for the 224th Judicial District of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.  As grounds for removal, Defendant states as follows:

1. On February 23, 2007, Plaintiff Paul Shonebarger ("Plaintiff") filed suit against Defendant in the 224th Judicial District Court of Bexar County, Texas, entitled *Paul Shonebarger vs. Comprehensive Pharmacy Services, Inc.*, Civil Cause No. 2007-CI-02785.

2. On March 7, 2007, Plaintiff served Defendant's registered agent, CT Corporation System, with a copy of the Citation and Original Petition.  Copies of the Citation and Original Petition are attached hereto as Exhibit "A" and constitute all process, pleadings, and orders served upon Defendant in this action.

3.  This Notice of Removal is timely filed prior to thirty days after receipt by Defendant of a copy of the Original Petition, as provided by 28 U.S.C. § 1446(b).

4.  Upon information and belief, at the time of filing this action and at all times subsequent, Plaintiff was and is a resident of the state of Texas. (Petition Section II, p. 1).[1] At the time filing this action and at all times subsequent, Defendant was and is a corporation formed under the laws of the state of California with its principal place of business in Memphis, Tennessee. Accordingly, Plaintiff and Defendant are citizens of different states for purposes of 28 U.S.C. § 1332(a)(1).

5.  Plaintiff has not alleged a specific amount in controversy in his Original Petition. "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)); *Martin v. Southwest PCS, L.P.*, 2003 WL 22477692, *2 (W.D.Tex. 2003). This burden may be fulfilled in one of two ways. *Garcia,* 351 F.3d at 639. First, jurisdiction will be proper if "it is facially apparent" from the plaintiff's complaint that his "claims are likely above [$75,000]." *Id.* If the value of the claims is not apparent, then the defendants "may support federal jurisdiction by setting forth the *facts*-[either] in the removal petition [or] by affidavit-that support a finding of the requisite amount." *Id.* (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir.1995)).

6.  Plaintiff's Original Petition alleges that on or about August 4, 2006, he was wrongfully terminated by Defendant. (Petition Section IV, p. 2). Plaintiff alleges as a result, he has suffered lost wages, lost income, and lost benefits. (Petition Section V, p. 2). Plaintiff

---

[1] Plaintiff's Original Petition will be cited herein as (Petition Section ___ p.___).

further alleges that Defendant's action damaged his future opportunities for employment. (Petition Section V, p. 2).

7. If Plaintiff is ultimately successful on his wrongful termination claims against Defendant, he will be entitled an award of back pay for his lost wages. As stated above, Plaintiff alleges that his employment with Defendant ended in August of 2006. (Petition Section IV, p. 2). It will be undisputed that Plaintiff's salary at the time his employment ended was approximately $105,000 per year. If Plaintiff is ultimately successful, and assuming this case goes to trial and is set for trial within one year of the filing of this Notice, Plaintiff could be entitled to approximately 19 months of back pay (from August 2006 until March 2008). Given Plaintiff's salary at the time his employment ended, Plaintiff has asked for approximately $166,250.00 in back pay for lost wages alone.

8. In addition, Plaintiff alleges that his termination was carried out with spite, ill will and malice, and he seeks exemplary damages as a result. (Petition Section V, p. 3); *see Martin*, 2003 WL 22477692, *2 (including punitive damages in the amount in controversy).

9. Although Plaintiff's Complaint does not mentioned a specific amount in controversy, it is more likely than not that Plaintiff's claims for lost wages, lost income, lost benefits, and exemplary damages would clearly exceed the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a).

10. Because the parties are citizens of different states and there is sufficient proof that the amount in controversy exceeds $75,000, this Honorable Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1), and removal is appropriate under 28 U.S.C. § 1441(a).

11. Defendant will give notice to Plaintiff as required by 28 U.S.C. § 1446(d).

12.     Defendant will file a copy of this Notice with the Clerk of the 224th Judicial District Court of Bexar County, Texas, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this matter proceed in this Court as an action properly removed hereto.

Respectfully submitted,

KIESEWETTER WISE KAPLAN
PRATHER, PLC

Robert D. Meyers
J. Ashley Macke
3725 Champion Hills Drive, Suite 3000
Memphis, Tennessee 38125
Telephone: 901-795-6695
Facsimile: 901-795-1646

Lead Counsel for Defendant Comprehensive
Pharmacy Services, Inc.


OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

Lawrence D. Smith (State Bar # 18638800)
2600 Weston Centre
112 East Pecan Street
San Antonio, TX 78205
Telephone: 210-354-1300
Facsimile: 210-277-2702

Local and Co-counsel for Defendant
Comprehensive Pharmacy Services, Inc.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon Sylvan S. Lang, Jr., counsel for Plaintiff, at Lang & Kustoff, L.L.P., 4103 Parkdale Street, San Antonio, Texas 78229, by placing the same in the U.S. Mail, postage prepaid, this 20th day of March, 2007.

5